# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN SCHUETT,

        Plaintiff,        Case No. 06-C-120

    v.

UNUMPROVIDENT CORPORATION,

        Defendant.

## OPINION AND ORDER

John Schuett is suing UnumProvident Corporation for failure to pay benefits under an insurance policy. UnumProvident removed this action from the Circuit Court of Milwaukee County (Wisconsin) to federal court. The Plaintiff, in turn, has moved to remand on the ground that the Defendant had not been served when it filed its Notice of Removal. Nothing in the record reflects that the Defendant has been subsequently served.

The Plaintiff relies upon the United States Supreme Court's opinion in Murphy Brothers v. Mitchetti Pipe Stringing, Inc., 526 US. 344 (1999) where the Court held that the thirty-day period for removal is triggered only by service and the receipt of the Complaint or some other paper which indicates that the action is removable. The Defendant believes that service is unnecessary because the removal statute, 28 U.S.C. § 1446(b), does not mention service of the summons.

The Defendant concedes that there has been scant discussion of the Murphy Brothers opinion in the lower courts. The Seventh Circuit has not addressed

the issue of whether service is a condition precedent to removal. However, the Second Circuit has held that, following Murphy, "the commencement of the removal period could only be triggered by formal service of process." Whitaker v. American Telecasting, Inc., 261, F.3d 196, 202 (2nd Cir. 2001).

All doubts must be construed against removal. See Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1097 (10th Cir. 2005). Therefore, the court will remand this action to the Circuit Court of Milwaukee County.

The Plaintiff has requested attorney fees for wrongful removal. Although the court is remanding this action, the United States Supreme Court has held that, absent unusual circumstances, courts may award attorney fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal. See generally Martin v. Franklin Capital Corporation, 126 S. Ct. 764 (2005). There are no unusual circumstances in this case and the Defendant did not lack an objectively reasonable basis for seeking removal. Therefore, the court will not award fees.

Accordingly, the court ORDERS that the Plaintiff's "Motion to Remand to State Court" (filed January 30, 2006) IS GRANTED.

IT IS FURTHER ORDERED that a certified copy of this order of remand shall be mailed by the Clerk of Court to the Court of the Circuit Court of Milwaukee County. The state court may thereupon proceed with this case.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 28th day of February, 2006.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge